## WHEELER *vs.* ROWELL.

In trespass *quare clausum fregit* it is necessary to prove all the abuttals of the close, as laid in the declaration ; but it is not necessary, in order to maintain the action, to show a title to the whole close.

In such an action, brought before a justice of the peace, it is not necessary to plead a license to enter. For a license is not matter bringing the title to the land in question, and it may be given in evidence under the general issue.

Where there is a general usage in a neighborhood to let cattle run at large upon the highway and unenclosed lands adjoining such ways, if any one adopts the usage, this is evidence of a license on his part to let the cattle of others run at large on his lands so situated.

TRESPASS for breaking and entering the plaintiff's close in Littleton, "bounded easterly by Pamela Wheeler's land, 'as occupied by her, southerly by Vespasian Wheeler's land, 'and westerly by the road leading from G. W. Wheeler's 'dwelling-house to Samuel Little's dwelling house," and with horses, cows, oxen and swine depasturing the grass.

The action was commenced before a justice of the peace, where the general issue was pleaded by the defendant. The

justice having rendered judgment in the case, it was carried to the court of common pleas by appeal, where it was tried at the September sittings, 1834.

It was admitted upon the trial, that the plaintiff owned a close, bounded southerly and westerly as stated in the declaration; but it appeared that the great road leading from Bath to Lancaster ran between that close and the land of Pamela Wheeler, as occupied by her. And it was insisted, on the part of the defendant, that the abuttals of the close were not proved as laid in the declaration; but the court overruled the objection.

It was admitted that the defendant's cattle broke and entered the plaintiff's said close.

The defendant, then, in order to show that the cattle were in the close with the assent and license of the plaintiff, offered to prove that the *locus in quo* at the time lay unfenced and open to the highways, and that there was a general usage in the neighborhood to let cattle run at large on the highways and commons. To this it was objected, in the first place, that the evidence was inadmissible under the general issue; and, in the next place, that it could not be submitted to a jury to find a license upon the evidence offered.

The court rejected the evidence, and a verdict was taken for the plaintiff, subject to the opinion of this court upon the foregoing case.

*Quincy*, and *Woods*, for the plaintiff.

*Bellows*, and *Bell*, for the defendant.

Green, J., delivered the opinion of the court.

It is contended, that the abuttals of the close were not proved as laid in the declaration. But we are of opinion that this objection is without any foundation.

It was proved that there was a close bounded southerly

and westerly, as laid in the declaration, and easterly on the close occupied by Pamela Wheeler. But there was a highway between the land occupied by Pamela Wheeler and the land of the plaintiff. This is, however, wholly immaterial. In trespass, *quare clausum fregit*, it is necessary to prove the abuttals of the close, as laid in the declaration, but it is not necessary to show a title to the whole close. The close described in this declaration includes the highway; but whether the highway is upon land to which the plaintiff has a title or not, he may recover if the cattle were trespassing on any part of the close to which he had a title. 5 *N. H. R.* 317, *Peaslee* vs. *Wadleigh ; Buller's N. P.* 89 ; 3 *Starkie's Ev.* 1436. The abuttals are all proved, as laid in the declaration.

The next question is, whether the evidence offered by the defendant, and rejected by the court, was admissible ?

It is said, on the part of the plaintiff, that if admissible at all, it was not admissible under the general issue ? But it is provided by statute that the defendant, in any cause triable before a justice of the peace, may give any special matter in evidence, under the general issue, except such as may bring the title of real estate in question. And it is very certain that the matter which the defendant offered to prove would not have brought the title to the land in question.

It is further said, on the part of the plaintiff, that it could not be submitted to a jury to find a license upon the evidence offered. And we are of opinion, that proof of a general usage in the neighborhood to let cattle run at large on the highways and unfenced lands, would not alone be sufficient to justify a jury in finding a license in this case. But if, in addition to such proof, it further appeared that the plaintiff himself had adopted and acted upon the usage, we think that such a usage, so adopted by the plaintiff, might be evidence of his assent that the cattle of his neighbors should go at large on his unenclosed lands adjoining the highways.

We shall, therefore, grant a new trial; and if it shall turn out in proof that there was a general usage in the neighborhood to let cattle run at large, which the plaintiff himself had adopted, it must be submitted to the jury as evidence of a license to the defendant in this case.

*New trial granted.*