## Janvrin *v.* Scammon.

Where an action of trespass, commenced before a justice, is entered at the court of common pleas, because of a plea of title to real estate, the plaintiff may new assign as matter of right.

Trespass, *quare clausum fregit.* The action was brought before a justice of the peace, and after a plea of title pleaded, was entered in the court of common pleas. The declaration did not designate the close by name, or abuttals, or other description, except being " the plaintiff's close in Stratham."

Before the justice, the defendant pleaded, first, the general issue; secondly, that the said close, in which said supposed trespasses were done, was not, at the said time, when, &c., the close of the plaintiff; thirdly, soil and freehold in himself.

In the court of common pleas, the plaintiff moved that he be allowed to new assign in answer to the third plea, but his application was refused, and he excepted to the ruling of the court.

*Wood,* for the plaintiff, contended that the second and third pleas, or either of them, took away the jurisdiction of the magistrate. *Law* v. *Ross*, 3 Greenl. 256; *Kelly* v. *Taylor*, 17 Pick. 218; Rev. Stat. § 2 chap. 175; that the second plea is a plea of title, as it denies the plaintiff's possession; 1 Ar-

chibold N. P. 438; *Lynch* v. *Roseter*, 6 Pick. 419; *Stone* v. *Hubbard*, 17 Pick. 217; and therefore takes away the justice's jurisdiction; that if the defendants will to avail themselves of the defence set up in the second plea, they must plead it in the magistrate's court; *Flagg* v. *Gotham*, 7 N. H. Rep. 266; *Foster* v. *Leavitt*, 8 N. H. Rep. 354; Rev. Stat. chap. 175 § 2; and cases before cited in Pick. Rep.; and that the plaintiff may new assign in the court above. *Law* v. *Ross*, 3 Greenl. 256; *People* v. *Proctor*, 19 Wend. 123; *Ellice* v. *Bayer*, 8 Wend. 504; *Cumming* v. *Rawson*, 7 Mass. Rep. 440.

*Marston*, for the defendant.

In this class of cases, the only foundation of the jurisdiction of the court of common pleas is the plea which raises the question of title, and the trial ought to proceed upon the plea which removed the cause from the court in which it was brought.

If the plaintiff were allowed to new assign, the defendant might then plead the general issue, or any other plea, and so remove the foundation of the jurisdiction of the court of common pleas. *Magoun* v. *Lapham*, 19 Pick. 419; *Copeland* v. *Bean*, 9 Greenl. 19; Rev. Stat. chap. 175 § 3.

Bell, J. In actions of trespass, where the defendant pleads any special plea, by which the title of real estate may be drawn in question, it becomes the duty of the justice to record the plea, and no further proceedings can be had before him, unless the plaintiff elects to become nonsuit, in which case a judgment for costs may be rendered against him. Upon such special plea being filed, " the plaintiff may enter his action at the next court of common pleas for the county, and file there attested copies of the writ, plea, and all other papers used in the cause, and prosecute the action in the same manner, as if the action had been originally

commenced in that court." Rev. Stat. 346 chap. 175 §§ 1 to 4.

This case seems to have been regularly transferred to the court of common pleas. The third plea is clearly a plea of title, which must oust the jurisdiction of the justice; and the second plea, however doubtful it might be in ordinary cases, seems to us good and sufficient in this case, because, without such a plea, no evidence would be admissible, whose tendency was to deny the plaintiff's title to, or his possession of, real estate. *Wheeler* v. *Rowell*, 7 N. H. Rep. 515; 6 Pick. 417; 17 Pick. 217.

We perceive nothing in the statute which necessarily confines the trial, in cases of this kind, in the court of common pleas, to the mere question of title raised by the special plea, upon which the action is transferred to that court. The general policy of the law, in other cases, permits a defendant to avail himself of as many several grounds of defence as exist in his favor; and we discover no considerations of justice or expediency, which should deprive a defendant, in a case involving the title of real estate, of any other just defence. The action of trespass, commenced before a justice, and upon a plea of title entered in the court of common pleas, is there regularly pending, and unless that view is forbidden by the clear language of the statute, it should be there treated and regarded like any other action of trespass.

Upon these general views we are of the opinion that a defendant, who desires to avail himself of the state of the title to real estate as a defence, may plead in these actions of trespass the proper plea to oust the jurisdiction of the justice, and transfer the action to the court above, and with it may plead the general-issue, and plead or give notice by brief statement, of as many grounds of defence as he thinks fit; and upon the trial there, he may avail himself of any defence, which he could do, if the action were commenced there in the usual mode.

When the action is regularly entered in this way in the court of common pleas, it seems to us that the parties have all the same rights, and the courts the same powers, in relation to filing new pleadings, or amending the old, that they would have if the action had been commenced by a writ originally returnable in that court, and that the plaintiff had a right to reply and new assign the *locus in quo;* that no motion for that purpose was necessary; and that it was not competent for the court to refuse permission to do so.

In an action originally commenced in that court, the plaintiff would clearly have the right thus to reply and new assign, and his right by the terms of the statute is entirely clear, to prosecute an action entered in this mode in that court in the same manner as if originally commenced there.

The cases cited by the defendant rest on reasons affecting the jurisdiction of the courts in Massachusetts and Maine, which do not exist here. The courts here, by their control over the costs, have the same power to check the improper transfer of actions from justice courts which they have to restrain the prosecution of other small actions in the courts above.

*New assignment allowed.*